# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| FRANK LESKOVEC,<br><br>       Plaintiff,<br><br>  vs.<br><br>JOHN DOE # 1, TAMARA SUTHERLAND, DAN CHLADEK, TONI BARKLEY, and JAMES PARKER,<br><br>       Defendants. | Cause No. CV 10-0030-H-DWM-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Frank Leskovec's Motion to Proceed in Forma Pauperis (Court Doc. 1) and his proposed Complaint submitted pursuant to 42 U.S.C. § 1983.  (Court Doc. 2).

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Leskovec has submitted a declaration and an account statement sufficient to make the showing required by 28 U.S.C.

§1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Leskovec is required to pay the statutory filing fee for this action of $350.00.  Mr. Leskovec has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the agency having custody of Mr. Leskovec will be directed to forward payments from Mr. Leskovec's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Mr. Leskovec's Complaint shall be deemed filed as of the date the Motion to Proceed in Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 280-81 (9th Cir. 1983); *see also United States v. Dae Rim Fishery Co.,* 794 F.2d 1392, 1395 (9th Cir. 1986)

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 2

(concluding complaint constructively filed when delivered to clerk of court).

## II.  STATEMENT OF THE CASE

### A.    Jurisdiction

Mr. Leskovec filed his Complaint pursuant to 42 U.S.C. § 1983 seeking to recover for alleged federal constitutional violations while incarcerated at Montana State Prison.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.    Parties

Mr. Leskovec is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are:  John Doe # 1, Tamara Sutherland, Dan Chladek, Toni Barkley, and James Parker.

### C.  Factual Background

Mr. Leskovec alleges he was raped by another inmate, Defendant James Parker, on numerous occasions in 2006.  He contends he advised John Doe #1 and Tamara Sutherland of the rapes and nothing was done

to protect him.

Beginning in August 2009, Mr. Leskovec started seeing Inmate Parker in the lowside dining hall.  Mr. Leskovec contends that every meal since then Inmate Parker or one of his friends has threatened to rape him.

On August 17 and 23, 2009, Mr. Leskovec told Defendant Toni Barkley about the prior rapes and requested protection from Inmate Parker.  On August 23, 2009, Defendant Barkley talked to Mr. Leskovec about his request for protection from Inmate Parker.  Defendant Barkley asked why Mr. Leskovec had not pressed charges against Inmate Parker in 2006.  Mr. Leskovec stated he was scared.  Defendant Barkley declined to do anything about the situation since Inmate Parker had not tried anything since he was moved to the lowside.  That same day, Correctional Officer Hatcher told Mr. Leskovec that Inmate Parker had been moved out of Mr. Leskovec's afternoon school class.

## III. SCREENING PER 28 U.S.C. § 1915(e)(2)

### A.    Standard

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 4

As Mr. Leskovec is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation

omitted).  This requirement demands "more than labels and

conclusions, [or] a formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. 544.  A complaint must " 'give the

defendant fair notice of what the . . . claim is and the grounds upon

which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200,

167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley

v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Rule 8(a)(2) requires a complaint to "contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation

marks omitted).  The "plausibility standard" is guided by "[t]wo working

principles." *Iqbal*, 129 S.Ct. at 1949.  First, although "a court must

accept as true all of the allegations contained in a complaint," that

"tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.  "Second, only a

complaint that states a plausible claim for relief survives" and

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 6

"[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal*, 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B.  Analysis

#### 1.  Failure to Protect from 2006 Rapes

The Court construes Mr. Leskovec's Complaint as first raising failure to protect claims arising from the alleged rapes in 2006.  These claims, however, are barred by the applicable statute of limitations. The United States Supreme Court in the matter of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined that the applicable statute of

limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions.  In Montana, that period is three years after the action accrues.  *Mont. Code. Ann. § 27-2-204(1)*.

Mr. Leskovec alleges Defendants failed to protect him from rapes which occurred in 2006.  These claims arose prior to June 8, 2007 (three years prior to the filing of this action).  Accordingly, these claims are barred by the applicable statute of limitations and should be dismissed.

### 2.  Current Claims of Failure to Protect

Next, the Court construes a potential failure to protect claim arising from Defendants' failure to act in response to Mr. Leskovec's requests for protection since August 2009.

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."  *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001).  To establish a violation of this duty, the prisoner must establish that prison officials

were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer, 511 U.S. at 834*.

Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer, 511 U.S. at 834*; *Helling v. McKinney, 509 U.S. 25, 33-34, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993)*. The Eighth Amendment protects against future harm to inmates because inmates must be furnished with basic human needs, one of which is "reasonable safety." *Helling, 509 U.S. at 33*. Therefore, a prisoner need not wait for the consummation of a threatened injury before obtaining preventive relief. *See Farmer, 511 U.S. at 845-47*.

Mr. Leskovec began raising concerns about Inmate Parker in August 2009. The matter was immediately investigated, and Inmate Parker was moved out of Mr. Leskovec's afternoon school class. Moreover, Inmate Parker's threats are that he intends to rape Mr. Leskovec "as soon as he can get to him." Thus, it appears Inmate

Parker is not currently able to "get to" Mr. Leskovec, even though they may see each other at chow hall.  It appears the prison has separated Mr. Leskovec from Inmate Parker except for chow hall where there does not seem to be a serious threat of a rape.  Moreover, Mr. Leskovec began seeing Inmate Parker in the chow hall nearly a year ago and there is no allegation that any attack (beyond the 2006 incidents) has taken place.

Mr. Leskovec has gone into excruciating detail regarding the 2006 rapes.  As horrific as those events may have been for Mr. Leskovec they are barred by the applicable statute of limitations and Mr. Leskovec cannot now recover for those incidents.  In the same vein, although Mr. Leskovec sees Inmate Parker at chow, there have been no attacks in nearly a year and Defendants appear to have separated Inmate Parker from other situations in which he may encounter Mr. Leskovec. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."

*Williams v. Wood*, 223 Fed.Appx. 670, 671, 2007 WL 654223, 1 (9th Cir.

2007).

Under the current facts, Mr. Leskovec's allegations that Defendants are currently failing to protect him from a serious threat of harm are not plausible.

### 3.  Claims against Inmate James Parker

As set forth above, all claims arising from the 2006 rapes are now barred by the applicable statute of limitations.  In addition, Inmate Parker is not a person acting under state law.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  James Parker is an inmate, not a state actor and not an individual acting under color of state law.  Therefore, Mr. Leskovec cannot state a federal claim against Inmate Parker.

## IV.  CONCLUSION

### A.    Leave to Amend

As set forth above, Mr. Leskovec failed to state a claim upon which relief may be granted.  These are not defects which could be cured by further amendment.  As such, Mr. Leskovec's Complaint should be dismissed.

### B.    "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Mr. Leskovec fails to state a claim upon which relief may be granted.  *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007)(failure to file within the applicable statute of limitations is a failure to state a claim upon which relief may be granted).

### C.    Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS
COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 13

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.

*See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

*Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal

has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Leskovec's failure to file within the applicable statute of limitations and failure to state a federal claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Mr. Leskovec SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 15

## RECOMMENDATIONS

1. Mr. Leskovec's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Leskovec failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Leskovec's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS &

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Leskovec may serve and file written objections to these Findings and Recommendations within fourteen days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT–
CV-10-00030-H-DWM-RKS / PAGE 17

DATED this 30th day of June, 2010.


  */s/ Keith Strong*                       
Keith Strong
United States Magistrate Judge