

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| FRANK LESKOVEC, | ) | CV 10-30-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN DOE #1, TAMARA | ) | |
| SUTHERLAND, DAN CHLADEK, | ) | |
| TONI BARKLEY, and JAMES PARKER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Leskovec is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong entered Findings and Recommendations in this matter on June 30, 2010. Plaintiff timely objected and therefore is entitled to de novo review of those portions of the Findings and Recommendations to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus.

-1-

Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Strong recommended dismissing with prejudice Leskovec's complaint because it fails to state a claim upon which relief may be granted. First, Judge Strong found some of Leskovec's claims arise from events that allegedly occurred in 2006 and are thus barred by the three year statute of limitations for personal injury actions set forth in Mont. Code Ann. § 27-2-204(1). See Wilson v. Garcia, 471 U.S. 261 (1985) (holding that the applicable statute of limitations for § 1983 claims is the state statute of limitations for personal injury actions). Next, Judge Strong found that Leskovec had not set forth any plausible allegations that defendants are currently failing to protect him from a serious threat of harm, and he thus cannot maintain a failure to protect claim. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Last, Judge Strong found that Leskovec's claim against another inmate should be dismissed because an inmate is not a person acting under color of state law, as required to succeed on a § 1983 claim. See West v. Atkins, 487 U.S. 42, 48 (1988).

Leskovec objects to Judge Strong's finding that his claims based on alleged events in 2006 are barred by the statute of limitations. He argues Mont. Code Ann. § 70-19-413(1)(c) tolls the running of the statute of limitations for a person "imprisoned on a criminal charge or in execution upon conviction of a criminal

offense for a term of less than for life." Id. However, section 70-19-413(1) applies only to actions "for the recovery of real property or for the recovery of the possession of real property or to make any entry or defense founded on the title to real property or to rents or services out of the same." Leskovec's raises a civil rights claim under § 1983, not a claim related to real property, and section 70-19-413(1)(c) is inapplicable. Judge Strong correctly found that Leskovec's claims based on 2006 events are barred by the three year statute of limitations in Mont. Code Ann. § 27-2-204(1).

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #4) are adopted in full. The Complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff's complaint fails to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the

Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

Dated this 20th day of July, 2010.

Donald W. Molloy, District Judge
United States District Court